IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON ALLAN WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 5:19-cv-8014-LSC |
| UNITED STATES OF AMERICA, | ) | (5:10-cr-00313-LSC-HNJ) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.     Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), filed by Petitioner Brandon Allan Webb ("Webb") on April 17, 2019. (Doc. 1.) Webb challenges the 60-month sentence of imprisonment imposed upon revocation of supervised release. Pursuant to § 2255(b), this Court has conducted a preliminary review of the motion and determines that it is due to be denied and dismissed without an evidentiary hearing.

**II.    Background**

On December 1, 2010, Webb pled guilty to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of a

1

mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. §§ 846 & 841(A)(1). Webb was sentenced by this Court on July 13, 2011, to a term of imprisonment of 50 months to be followed by a 60-month term of supervised release. Judgment was entered the following day.

After completing his prison term, Webb's supervised release term commenced on March 26, 2014. On April 12, 2017, a United States Probation Officer petitioner this Court to issue a warrant for Webb's arrest based upon allegations that Webb had been arrested on two separate occasions, once for drug trafficking, and the other for public intoxication and resisting arrest. The warrant was issued and Webb was arrested on October 24, 2017. Following a hearing on January 19, 2018, this Court revoked Webb's supervised release and remanded him to custody for a period of 60 months. Judgment was entered on January 23, 2018. Webb did not appeal.

Webb signed the instant § 2255 motion on April 10, 2019, and it was filed into the record on April 17, 2019.[1] Webb argues that the 60-month sentence on revocation of supervised release was illegal because it exceeded the maximum term allowed for the revocation of supervised release under 18 U.S.C. § 3583(e)(3). He

---

[1] The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

further argues that his counsel was constitutionally ineffective for failing to recognize and challenge this claimed error, and that "he was not told/informed by his counsel that he would not be filing a direct appeal . . . ." (Doc. 1 at 6.)

III. Discussion

   A.   **The motion is time-barred**

Webb's § 2255 motion is untimely on its face. The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners, such that Webb was obligated to file his motion no later than one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Webb's judgment on revocation of supervised release became final on February 6, 2018—14 days after this Court entered judgment on January 23, 2018. *See* Fed. R. App. P. 4(b)(1)(A). In waiting to file the instant motion until April 10, 2019, Webb has run afoul of the one-year limitation period found in § 2255(f)(1).

The statute provides for alternative triggers for the one-year period where "the movant was prevented from making a motion by . . . government action," where a "right has been newly recognized by the Supreme Court and made

retroactively applicable," or where the claim was based on newly-discovered facts. § 2255(f)(2)-(4). Webb has not alleged, and there is no reason to believe, that any of those circumstances are applicable here; therefore, his AEDPA clock commenced running when his judgment of conviction became final.

B.     **The motion fails on its merits**

Even if the motion were timely-filed, it would fail on its merits. First, Webb waived the sentencing-error claim by failing to raise it on direct appeal. Claims not raised on direct appeal may not be raised on collateral review unless the § 2255 petitioner demonstrates cause and prejudice. *See United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998). The exception to this general rule is a claim for ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504 (2003). For the reasons explained below, Webb is incorrect that his sentence upon revocation of supervised release should have been no more than two years, thus his claim that his attorney was constitutionally ineffective for failing to challenge his sentence on this ground cannot lie. Nor is the sentencing-error claim cognizable on collateral review. Generally, unless the claimed error in a § 2255 proceeding involves a lack of jurisdiction or a constitutional violation, relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). An error that is not jurisdictional or constitutional will

form the basis for § 2255 relief only where "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 185. Errors that seriously undermine the validity of criminal proceedings have been held to constitute a miscarriage of justice. *See, e.g., Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that a prisoner's claim that he was convicted for a legal act was cognizable under § 2255). Here, because the theory underlying Webb's sentencing-error claim is erroneous, the claim does not rise to the level of a miscarriage of justice.

As noted, the sentencing-error claim is meritless. Webb claims that the statutory maximum term of imprisonment on revocation of supervised release is two years, but he is incorrect. Section 3583(e)(3), Title 18, U.S.C., limits a term of imprisonment, upon revocation of supervised release, to five years for a Class A felony, to three years for a Class B felony, to two years for a Class C or D felony, and to one year in any other case. Webb's original offense of conviction, a violation of 21 U.S.C. §§ 846 & 841(A)(1), is a Class A felony. Thus, this Court lawfully imposed a sentence of five years upon revocation of supervised release. Relatedly, Webb's ineffective assistance of counsel claim with regard to his attorney's alleged failure to challenge the sentence imposed upon revocation of supervised release fails because the argument he faults his counsel for not raising is meritless. *See, e.g.,*

*Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) (counsel cannot be said to be ineffective for failing to raise a meritless argument).

**IV.     Conclusion**

For the foregoing reason, Webb's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Webb's claims do not satisfy either standard.

**DONE** AND **ORDERED** ON AUGUST 9, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704